IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|     Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO VACATE, CORRECT OR** |
| vs. | ) | **SET ASIDE SENTENCE UNDER** |
| | ) | **28 U.S.C. § 2255** |
| Joe Lenard Rodriguez, | ) | |
| | ) | Case No. 3:18-cr-102 |
|     Defendant. | ) | |

| | | |
|---|---|---|
| Joe Lenard Rodriguez, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-012 |
| | ) | |
| United States of America, | ) | |
| | ) | |
|     Respondent, | ) | |

Before the Court is the Defendant's motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255, filed on January 17, 2023. See Doc. No. 129. The Defendant, who contends in his motion that his trial was unfair, did not file a brief in support of his motion. The United States filed a response in opposition to the motion on March 17, 2023. See Doc. No. 131. The Defendant did not file a reply brief and the time for doing so has passed. For the reasons set forth below, the motion is denied as untimely.

### I.    BACKGROUND

On June 20, 2018, a federal grand jury returned an indictment charging Rodriguez with seven drug trafficking crimes: Conspiracy to Possess with Intent to Distribute and Distribute Controlled

1

Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(c), and 846, and 18 U.S.C. § 2 (Count One); Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2, (Counts Two, Three, Four, Five, and Six); and Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(c), and 18 U.S.C. § 2 (Count Seven). See Doc. No. 2. The case was tried to a jury who found Rodriguez guilty on all counts on May 9, 2019. See Doc. No. 63.

On September 9, 2019, the Court sentenced Rodriguez to 144 months imprisonment and six years of supervised release. See Doc. No. 86. Rodriguez appealed. On January 8, 2021, the Eighth Circuit Court of Appeals affirmed his conviction. See Doc. No. 111; United States v. Rodriguez, 984 F.3d 704 (8th Cir. 2021). Rodriguez's request for a writ of certiorari from the United States Supreme Court was denied on December 13, 2021. Rodriguez v. United States, 142 S. Ct. 725 (Mem) (2021). Thus, Rodriguez's judgment of conviction became final on December 13, 2021.

## II.   STANDARD OF REVIEW

A prisoner in custody may move the court which imposed his sentence to vacate, set aside or correct the sentence on the ground that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "If the court finds that the judgment was rendered without jurisdiction, or that the

sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III. LEGAL DISCUSSION

#### A. THE ONE YEAR PERIOD OF LIMITATIONS

28 U.S.C. § 2255(f) requires a movant to file a motion within one year of the judgment becoming final. Specifically, the statute reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eighth Circuit Court of Appeals affirmed Rodriguez's conviction on January 8, 2021. See Doc. No. 111. The judgment in this case became final when Rodriguez's request for a writ of


certiorari was denied by the United States Supreme Court on December 13, 2021. Rodriguez v. United States, 142 S. Ct. 725 (Mem) (2021). Rodriguez had one year, or until December 13, 2022, to timely file a Section 2255 habeas petition. Rodriguez filed his motion on January 10, 2023, when he signed it and placed it in the prison mailing system. See Doc. No. 129, p. 12. Therefore, the motion is untimely and must be denied and dismissed, unless some other statutory provision or equitable tolling applies.

B.     STATUTORY PROVISIONS OF 28 U.S.C. § 2255(f)(2-4)

The one-year period within which to file a Section 2255 motion may, in an appropriate case, begin on the date on which an impediment to making the motion is removed. 28 U.S.C. § 2255(f)(2). For this provision to apply, the impediment must have been "created by governmental action in violation of the Constitution or laws of the United States" and the movant must have been "prevented from making a motion by such governmental action." Id. The one-year period within which to file may, in an appropriate case, begin on the date on which an asserted right was initially recognized by the United States Supreme Court, "if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The one-year period within which to file a Section 2255 motion may also, in an appropriate case, begin on the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Rodriguez's Section 2255 motion alleges no facts supporting any of these grounds which would have extended the limitations period. Rodriguez alleges no right newly recognized by the United States Supreme Court made retroactively applicable to his case which might support an

extension of time to file his motion. Nor does Rodriguez allege that he recently discovered new facts supporting his claims or that the factual predicates for his claims could not have been discovered through the exercise of due diligence within the limitations period. Consequently, the Court finds there is no factual basis to find that any of the Section 2255(f)(2)-(4) statutory provisions extend the one-year filing period beyond the date Rodriguez's conviction became final.

C.     EQUITABLE TOLLING

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a Section 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent. See Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002). Equitable procedures will not be applied if the habeas movant has not diligently pursued his rights. Frinch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005).

Rodriguez states in his motion that he was prevented from timely filing his motion because he was in transit from one prison to another from October 17, 2022, until December 13, 2022. See Doc. No. 129, p. 11. While Rodriguez was in transit during this time, the record reveals he was aware of the December 13, 2022, deadline and he did not diligently pursue his rights. See Doc. No. 128-1. Rodriguez made numerous filings between the time the Eighth Circuit affirmed his conviction on January 8, 2021, and his time to file a motion under Section 2255 expired on December 13, 2022. See Doc. Nos. 112, 113, 115, 124, 127, and 128. His untimely motion can

only be described as bare bones with a scant 88 words describing his claim that he received an unfair trial. Rodriguez did not file a brief in support of his motion or expound upon it in any way. Nor did he file a reply brief. Rodriguez has not demonstrated diligence. Movement from one facility to another is not unusual and the Court does not find it represents an extraordinary circumstance. Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (finding five-month confinement in a special housing unit did not constitute an extraordinary circumstance warranting equitable tolling). The Court finds Rodriguez has failed to provide evidence that extraordinary circumstances beyond his control prevented a timely filing and has failed to establish a basis for equitable tolling.

### IV.    CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, and the relevant law and concludes Rodriguez's Section 2255 motion is time barred. Accordingly, the Court **DISMISSES** Rodriguez's motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 129). The Court also issues the following **ORDER**:

1) The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 252 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2255(c)). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2023.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court